# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME J. MACK,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | Case No.: 1:15-cv-01600 --- JLT<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Doc.12)<br><br>ORDER CONTINUING MANDATORY SCHEDULING CONFERENCE |

　　　　When Plaintiff failed to file proofs of service and no defendant appeared in this action, the Court ordered Plaintiff to show cause why the matter should not be dismissed for failure to follow the Court's orders.[1]  (Doc. 12)  Plaintiff has responded to the Court's order by explaining that he did not understand the express terms of the order setting the mandatory scheduling conference that he was obligated to diligently attempt service of the summons and relied only upon the 120 days allowed for service under Rule 4. (Doc. 20 at 6)  The Court appreciates the difficulty of litigation by one

---

[1] Plaintiff's response to the order to show cause notes that Fed. R. Civ. P. 4(m) was amended in December 2015 to reduce the amount of time to serve a summons and complaint to 90 days.  He reports that he was unaware of this change in the law but fully intended to serve process within 120 days.  Notably, the order to show cause was not grounded on Rule 4. (Doc. 12 at 2)  Rather it took exception to Plaintiff's failure to diligently serve the summons and complaint such to allow the mandatory scheduling conference to proceed as ordered at the initiation of this case. Id. The Court made no comment at the time it issued the order to show cause—nor does it at this time—as to the retroactivity of the amendment to Rule 4(m).  Thus, the Court does not address counsel's arguments related to Rule 4.  However, Plaintiff is reminded that regardless of a rule of procedure, he **SHALL** comply with all orders of this Court or risk sanctions, including terminating sanctions.

unschooled on the law and procedure. Now that he has counsel, he will be able to pose questions to his attorney. However, he is reminded that he is still obligated to comply with all orders of the Court; having an attorney does not relieve him of that obligation. Thus, the Court will discharge the order to show cause without imposing any sanction.

In addition, Plaintiff requests an extension of time to February 26, 2016 to effect service. (Doc. 20) However, in light of the need for the Clerk of the Court to issue amended summonses, the Court does not believe this amount of time is realistic. Therefore the Court **ORDERS**:

1. The order to show cause is **DISCHARGED**;

2. Plaintiff **SHALL** serve the summonses and first amended complaint and file proof of service no later than **March 11, 2016**;

3. The mandatory scheduling conference is continued to **April 25, 2016** at 9:00 a.m.

IT IS SO ORDERED.

Dated:   **February 16, 2016**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

2