# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME J. MACK,<br><br>        Plaintiff,<br><br>        v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al.,<br><br>        Defendants. | Case No.: 1:15-cv-01600 --- JLT<br><br>ORDER GRANTING REQUEST TO SEAL THE SUMMONSES THE COMPLAINT AND FIRST AMENDED COMPLAINT; ORDER REQUIRING PLAINTIFF TO FILE A REDACTED COPY OF THE COMPLAINT, FIRST AMENDMENT COMPLAINT AND SUMMONSES<br><br>(Docs. 18, 19) |

      When Plaintiff initiated this action, he represented himself. (Doc. 14) Out of a lack of awareness that he need not include his home address on his filings, he set forth his home address on nearly all of his filings. Now he has become concerned about having done this due to the fact that he is a correctional officer and allowing his home address to become known to inmates places him at risk that they or their associates may more easily locate him to do him harm. (Docs. 18, 19) Thus, he seeks an order sealing the documents that contain his home address. <u>Id</u>. Specifically, he seeks to seal the complaint, the first amended complaint and the summonses.

      The request to seal documents is controlled by Federal Rule of Civil Procedure 26(c). The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in

a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

Generally, documents filed in civil cases are presumed to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003). Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. EEOC at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

As noted above, Plaintiff seeks to seal documents that list his home address on them. Public disclosure of this information could subject him to violence at the hands of former inmates or the associates of current inmates. Thus, the Court finds a compelling need for this information to remain private.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1.  Plaintiff's requests to seal (Docs. 18, 19) are **GRANTED.** The complaint, the first amended complaint and the summonses (Docs. 1, 3, 4, 5, 7, 8, 10) are **SEALED**;

2.  Within three court days, Plaintiff **SHALL** file redacted copies of the complaint, first amended complaint and the summonses on the public docket;

///
///
///
///
///
///

3. The Clerk of the Court is DIRECTED to issue first amended summonses listing the contact information of Plaintiff's attorney as the location where the responsive pleading should be made.

IT IS SO ORDERED.

Dated: **February 16, 2016**        /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE