# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME J. MACK,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-01600 JLT<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST TO FILE DOCUMENTS UNDER SEAL<br><br>(Doc. 103) |

Before the Court is the plaintiff's request to file under seal documents related to the defendants' motion for summary judgment. (Doc. 103) The only explanation for the sealing request is that information at issue was designated as "confidential" during discovery. Unfortunately, this alone is insufficient to justify sealing and, therefore, the request is **DENIED without prejudice**.

## I. Legal Authority

Federal Rule of Civil Procedure 26(c) determines when documents may be sealed. The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors

Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting <u>Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1213 (9th Cir. 2002)).

Generally, documents filed in civil cases are presumed to be available to the public. <u>EEOC v. Erection Co.</u>, 900 F.2d 168, 170 (9th Cir. 1990); see also <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir.2006); <u>Foltz v. State Farm Mut. Auto Ins. Co.</u>, 331 F.3d 1122, 1134 (9th Cir.2003). The Court may seal documents only when the compelling reasons for doing so outweigh the public's right of access. <u>EEOC</u> at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." <u>Valley Broadcasting Co. v. United States District Court</u>, 798 F.2d 1289, 1294 (9th Cir. 1986).

Notably, this Court's Local Rule 141 sets forth how a request to seal documents should be made. In addition, the legal authority recited here demonstrates that sealing may occur *only* if good cause is shown. Despite this, the request here provides little discussion why information should be sealed. Instead, the only explanation is that the information was designated as "confidential"[1] during the discovery process. (Doc. 103 at 2) Though the Court issued the stipulated protective order, this order did not authorize filings under seal. (Doc. 90 at 6-7) By citing to the Court's Local Rule 141(e), the protective order indicates only that if the Court allows sealing, the sealed documents would be destroyed.[2] <u>Id</u>. at 7. Thus, the Court does not know why the plaintiff[3] contends the documents should be sealed and cannot, therefore, find the good cause needed to grant the request.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's request to seal (Doc. 103) is **DENIED** without prejudice. Plaintiff may renew his request for sealing or, if he chooses not to do so, SHALL file unredacted copies of the materials, no later than February 9, 2018. If he chooses to renew his request, he **SHALL** comply with

---

[1] The fact that counsel felt the information should be made confidential is insufficient for the Court to satisfy its duty to ensure that only where good cause exists should the public be deprived of access to its filings.

[2] Because requests to seal almost always are now lodged electronically, generally, the Court does not retain the unredacted copies and deletes the electronic communication, once the reason for the filing, e.g., a motion or trial, is complete.

[3] Notably, the defendants have not responded to the request to seal.

this Court's Local Rule 141.

IT IS SO ORDERED.

Dated: **February 6, 2018**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE